## No. 10,881.

### SMITH & BOULLEMET VS. BOARD OF ASSESSORS.

1. A person engaged in the manufacture of harness and saddlery in the year 1890 is protected by constitutional exemption from taxation on the capital, machinery and other property therein employed.

2. In case such manufacturer carries with his stock of manufactured goods a small assortment of other articles, not manufactured by him, but which constitute a necessary accessory to his business, the latter is taxable.

3. If such person has been once assessed and has paid the tax on such taxable property, an *additional* assessment will be annulled, as one made on nontaxable property—the proof showing that the assessment made and paid covers the full value of the taxable values of the manufacturer.

A PPEAL from the Civil District Court for the Parish of Orleans.
 *Ellis, J.*

*Henry P. Dart* for Plaintiffs and Appellees.

———

*Henry Renshaw,* Assistant City Attorney, and *Carleton Hunt,* City Attorney, and *Wynne Rogers,* Attorney for Tax Collector, for Defendants and Appellants.

———

The opinion of the court was delivered by

WATKINS, J.   Plaintiffs having been assessed in 1890, on " money loaned on interest, all credits and all bills receivable for money loaned or advanced on for goods sold, $5000," seek by this suit to have canceled and annulled said assessment on the ground that the property assessed is such as is the *product* of materials by them " employed in the manufacture of   *   *   harness, saddlery," etc., and exempt from taxation under Article 207 of the Constitution —they being engaged in the business of manufacturing and selling saddles and harness in the city of New Orleans, and therein employ more than thirty-two (32) hands.

They have an invested capital of about $60,000 in said business.

Their contention is that they have no such property *as that assessed,* save and except the " capital, machinery, and other property employed in the manufacture of saddles and harness," and the products and avails thereof, which is exempt from taxation under said article of the Constitution—unless it be a small stock of goods they carry as a necessary adjunct of and as accessory to their business.   This stock of goods consists of such articles as belt-hooks, belt-lacing, horse brushes, curry combs, lap-dusters and robes, whips, whip stocks, and the like.

Those are *non*-manufactured goods, and are confessedly liable to taxation.   But their statement is that they have submitted to and paid upon an assessment of ten thousand dollars' valuation for all those things, " although for ten years they have seldom had such an amount."

They insist that the sales made of these articles are merely *accidental,* and not *incidental,* to their business; and such sales constitute an infinitessimal part of their business; hence, their " bills receivable and all credits " represent, in the main, the price of manufactured articles sold, and which are exempt from taxation.

One of the plaintiffs swears that, " of the sales of different items, exempt and not exempt, to the best of (his) knowledge and belief, the tax on $10,000 that (he has paid) covers everything that Smith & Boullemet have subject to taxation (*i. e.*) not exempt." The assessment of $5000 that is assailed is *additional* to that of the $10,000 assessment, to which the witness refers.

Plaintiffs' book-keeper shows that their bills receivable aggregate $4132.37, and their open accounts about $40,000, equal to a total of $44,132.37.

One-tenth of that sum is $4413.23.

This sum represents *non*-manufactured goods liable to taxation. But inasmuch as plaintiffs have already paid on an assessment of $10,000, nothing is due on that score, and " the additional assessment of $5000 " is essentially a tax on *exempt* property, and, consequently, null.

Of this, the testimony clearly satisfies us, as it did our learned brother of the district court.

Judgment affirmed.